UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION PLAN FOR PENSION TRUST FUND FOR OPERATING ENGINEERS, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>J&K SWEEPING, et al.,<br><br>  Defendants. | Case No. 14-cv-01179-JCS<br><br>**REPORT AND RECOMMENDATION RE MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 18 |

## I.   INTRODUCTION

In this ERISA enforcement action, Plaintiffs Pension Trust Fund for Operating Engineers, Richard Piombo and Russell E. Burns bring a Motion for Default Judgment (the "Motion") seeking entry of default judgment against Defendants J&K Sweeping and Donald A. Armstrong, Jr. following the Clerk's entry of default against both defendants.  Plaintiffs also ask the Court to award unpaid withdrawal liability, interest, liquidated damages, attorneys' fees, and costs.  The Motion came on for hearing on Friday, August 1, 2014 at 9:30 a.m.  Following the hearing, Plaintiffs submitted supplemental materials in response to the Court's request.  For the reasons stated below, it is RECOMMENDED that the Motion be GRANTED.

## II.   BACKGROUND

### A.   The Parties

This action is brought by the Pension Trust Fund for Operating Engineers ("The Plan") and Plaintiffs Richard Piombo and Russell E. Burns.  Complaint ("Compl."), ¶ 2.  The Plan is (a) an employee benefit plan as defined in ERISA § 3, 29 U.S.C. § 1002(3); (b) an "employee benefit pension plan" as defined in ERISA § 3(2), 29 U.S.C. § 1002(2), and (c) a "multiemployer plan" as defined in ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3).  *Id.*, ¶ 1;

1  Declaration of Greg Trento ("Trento Decl."), ¶ 2.  The Plan is jointly administered and is
2  maintained pursuant to the Labor Management Relations Act § 302(c), 29 U.S.C. § 186(c).  *Id.*
3  Plaintiffs Piombo and Burns are co-chairs of the Board of Trustees ("Trustees") of the Plan, and
4  are thus the "plan sponsor" under ERISA §§ 3(16)(B)(iii) and 4001(a)(10)(A), 29 U.S.C. §§
5  1002(16)(B)(iii) and 1301(a)(10)(A).  Compl., ¶ 2.  As the "plan sponsor," Trustees are fiduciaries
6  of the Plan pursuant to ERISA §§ 3(21)(A) and 402(a), 29 U.S.C. §§ 1002(21)(A) and 1102(a).
7  *Id.*  Therefore, as Trustees and fiduciaries, Plaintiffs have power to bring this action on behalf of
8  the Plan under ERISA §§ 4301(a)(1)-(b) and 502(a)(3), 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1)-
9  (b).  *Id.*

10  Defendant J&K Sweeping is a California general partnership with its principal place of
11  business located at 3845 Lynwood Way, Sacramento, CA 95864, and is an employer within the
12  scope of ERISA § 3(5), 29 U.S.C. § 1002(5), and the National Labor Relations Act ("NLRA") §
13  2(2), 29 U.S.C. § 152(2).  *Id.*, ¶ 3.  Plaintiffs allege, on information and belief, that Defendant
14  Donald Armstrong, Jr. and non-party James Harr are general partners of J&K Sweeping.  *Id.*, ¶ 3;
15  *see also* Declaration of Anjuli Cargain in Support of Plaintiffs' Motion for Default Judgment
16  ("Cargain Decl."), ¶ 4, Ex. A (results of Sacramento County Fictitious Business Name Search for
17  J&K Sweeping reflecting that as of January 14, 2010, J&K Sweeping was registered as a general
18  partnership, and listing James L. Harr and Donald Armstrong Jr. as owners).  Harr is not a party to
19  this action because he filed a Chapter 7 Bankruptcy petition on December 12, 2012, staying claims
20  against him under 11 U.S.C. §§ 362(a) and 524(a)(2).  Compl., ¶ 9.  Thus, Plaintiffs name only
21  J&K Sweeping and Armstrong as Defendants in this action.

22  **B.     Factual Allegations**

23  J&K Sweeping is a participating employer in the Plan pursuant to a collective bargaining
24  agreement with the Operating Engineers Local Union.  *Id.*, ¶ 7.  Specifically, on September 13,
25  2011, Harr signed the Sweeper Agreement for Northern California ("Agreement") as owner of
26  J&K Sweeping, binding J&K Sweeping to make fringe benefit contributions to the Plan.  Trento
27  Decl., ¶ 5, Ex. A (Agreement), Section 16.01.00.  Plaintiffs allege that J&K Sweeping made
28  contributions to the Plan on behalf of its employees covered under the Agreement, and that on or

United States District Court
Northern District of California

about January 1, 2012, J&K Sweeping made a complete withdrawal under ERISA § 4203(a), 29 U.S.C. § 1383(a) from participation in the Plan.  Compl., ¶¶ 7, 8.

Plaintiffs allege that in a letter dated June 20, 2013, addressed to Donald Armstrong as a general partner of J&K Sweeping, counsel for the Plan notified Defendants of their withdrawal liability in the amount of $194,402.00.  Compl., ¶ 12(b) & Ex. 1; *see also* Trento Decl., Ex. C. Specifically, the letter notified Defendants of the following:

 a) The Plan had a fiscal year running from January 1 through December 31 and therefore, the withdrawal liability is calculated as of December 31, 2011, as required by ERISA § 4211(b)(2)(A), 29 U.S.C. § 1391(b)(2)(A).  Trento Decl., Ex. C., Section I.

 b) Defendants could pay the withdrawal liability in the amount of $194,402.00 in lump sum or in quarterly installments as follows:

| | |
|---|---|
| $7,577.42 | August 1, 2013 |
| $7,577.42 | November 1, 2013 |
| $7,577.42 | February 1, 2013 |
| $7,577.42 | May 1, 2013 |
| $7,577.42 | each succeeding quarter through May 1, 2021 |
| $7,577.42 | August 1, 2021 |

Trento Decl., Ex. C., Sections II(B) & (C).

 c) Defendants could challenge the calculation of the withdrawal liability by requesting review within ninety days of receiving the notice, as provided under ERISA § 4219(b)(2), 29 U.S.C. § 1399(b)(2).  Trento Decl., Ex. C, Section III.

 d) Disputes arising from the determination of the withdrawal liability were to be resolved through timely initiation of arbitration, as provided under ERISA § 4221(a), 29 U.S.C. § 1401(a).  Trento Decl., Ex. C, Section III.

The letter also stated that the withdrawal liability was being assessed against both J&K Sweeping and Donald Armstrong as an individual.  Trento Decl., Ex. C ("[a]s a general partner of J&K, you are personally liable for the withdrawal liability of J&K, pursuant to Cal. Corp. Code § 16306(a)").

The calculations set forth in the June 20, 2013 letter to Armstrong and J&K had been

3

provided to the Plan's third party administrator, Associated Third Party Administrators ("ATPA") by the Plan's actuary, Horizon Actuarial Services LLC ("Horizon"), in a letter dated June 20, 2013. Trento Decl., ¶ 7 & Ex. B. Horizon's letter explains that the withdrawal liability amount was "calculated using the 'presumptive method', as required for plans in the building and construction industry." *Id.*, Ex. B.

Plaintiffs allege that Defendants did not request review of the calculation of withdrawal liability within ninety days; nor did they initiate arbitration to resolve any dispute related to the assessment of withdrawal liability, and the time to initiate arbitration has expired. Compl., ¶¶ 12(c)-(d).

In a letter dated October 10, 2013, after Defendants had failed to make the first installment payment (due August 1, 2013), counsel sent Defendants notice on behalf of the Plan that they had sixty days to cure their delinquent quarterly payments pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5). Compl., ¶ 17; *see* Cargain Decl., Ex. B. Plaintiffs allege that Defendants have failed to submit their delinquent quarterly payments to date, and the cure period has elapsed. *Id.*, ¶ 18. Plaintiffs assert that as a general partner of J&K Sweeping, Armstrong is jointly and severally liable for the withdrawal liability and other obligations imposed by the Agreement, under Section 16306 of the California Corporations Code. Compl., ¶¶ 10, 19 (citing Cal. Corp. Code § 16306).

Plaintiffs allege that due to Defendants' default on the installment payments, Plaintiffs were entitled to accelerate the entire unpaid withdrawal liability under ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5). *Id.*, ¶ 19. On December 9, 2013, Plaintiffs accelerated the withdrawal liability, and accordingly seek judgment against Defendants J&K Sweeping and Armstrong for the entire balance of the unpaid withdrawal liability as well as interest, liquidated damages, attorneys' fees and costs. *Id.*, ¶ 21.

### C. Procedural History

Plaintiffs initiated this action on March 13, 2014. In their Complaint, Plaintiffs asserted three claims and sought three distinct types of relief. In their First Cause of Action ("Claim One"), Plaintiffs sought an award of the unpaid withdrawal liability, as well as liquidated damages, attorneys' fees and costs, under ERISA § 4219, 29 U.S.C. § 1381, based on Defendants'

4

1  failure to pay the assessed withdrawal liability.  Compl., ¶¶ 15-21.  This claim is asserted against
2  both J&K Sweeping and against Armstrong as an individual on the basis that he is a general
3  partner of J&K Sweeping. *Id*., ¶ 18 (citing Cal. Corp. Code § 16306).  In their Second Cause of
4  Action ("Claim Two), Plaintiffs sought an order imposing a constructive trust on assets allegedly
5  obtained when J&K Sweeping sold assets to Szeremi Sweeping Service, LLC ("Szeremi") in
6  2012, pursuant to ERISA § 4212(c), 29 U.S.C. § 1392(c) (providing that "[i]f a principal purpose
7  of any transaction is to evade or avoid liability under this part, this part shall be applied (and
8  liability shall be determined and collected) without regard to such transaction"). *Id.*, ¶ 25.  In their
9  Third Cause of Action ("Claim Three"), Plaintiffs sought an injunction requiring that J&K provide
10 information about its "controlled group" based on the allegation that J&K Sweeping failed to
11 identify "each member within Defendant J&K Sweeping's controlled group as required by ERISA
12 § 4219(a), 29 U.S.C. §§ 1399(a),  and to determine whether Defendants engaged in any
13 transactions to evade or avoid withdrawal liability under ERISA § 4212(c), 29 U.S.C. ss1392(c)."
14 *Id*., ¶¶ 27-30.
15      When the Complaint was filed, the Clerk issued a Summons identifying the Defendants to
16 the action as follows:

> J&K Sweeping., a California general partnership,
> c/o Donald A. Armstrong, Jr.
> 1324 Wyant Way
> Sacramento, CA 95864
>
> Donald Armstrong, Jr., as an individual
> 1324 Wyant Way
> Sacramento, CA 95864

*See* Docket No. 7.  On March 27, 2014, Plaintiffs filed Proofs of Service with the Court. Docket Nos. 9, 10.  The Proofs of Service show that two separate sets of papers, along with copies of the summons, were delivered to the location of Armstrong's dwelling.  *Id.*  One copy of the Summons and supporting papers was addressed to "J&K Sweeping, a California general partnership" and the other copy was addressed to "Donald A. Armstrong, an individual."  *Id*. The Proofs of Service reflect that both were left in the care of "Lynn Armstrong, the mother of Defendant Donald A.

Armstrong Jr. and a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party." *Id.*

Defendants failed to answer or appear in this action and on May 9, 2014, the Clerk entered default as to Defendants J&K Sweeping and Donald A. Armstrong Jr. Docket No. 12.

### D.   The Motion for Default Judgment

In the Motion, Plaintiffs ask the Court to enter judgment against Defendants J&K Sweeping and Armstrong, and award the entire assessed withdrawal liability, in the amount of $194,402.00, pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5).  Additionally, Plaintiffs seek an award of:  1) interest on the entire accelerated withdrawal liability, calculated at a rate of 10% from the due date of the first installment, that is, August 1, 2013; 2) liquidated damages in the amount of $38,880.40, that is, 20% of the unpaid withdrawal liability; 3) attorneys' fees in the amount of $9,633.50; and 4) $1,554.41 in costs.  *Id.*

Plaintiffs do not request that the Court impose a constructive trust on the proceeds of the alleged sale of assets to Szeremi; nor do they ask the Court to enter an order requiring that Defendants provide information relating to J&K Sweeping's "controlled group."[1]

### III.   ANALYSIS

#### A.   Adequacy of Service of Process

As a preliminary matter, where entry of default judgment is requested, the Court must determine whether service of process was adequate.  *Bank of the West v. RMA Lumber Inc.*, 2008 WL 2474650, at *2 (N.D. Cal. June 17, 2008).  For the reasons stated below, the Court finds that service of process was adequate as to both Defendants.

#### 1.   Armstrong

Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure provides that an individual "may be served within the judicial district of the United States by . . . leaving a copy of [the summons and the complaint] at the individual's dwelling or usual place of abode with someone of suitable

---

[1] At oral argument, Plaintiffs stipulated that they are no longer seeking the remedies requested in Claims Two and Three of their Complaint and that they are seeking entry of default judgment only as to Claim One.  Therefore, it is recommended that the Court DISMISS Claims Two and Three with prejudice.

age and discretion who resides there." Fed. R. Civ. P. Rule 4(e)(2)(B). Further, section 412.30 of the California Code of Civil Procedure requires notice "indicat[ing] that service is being made on such person as an individual as well as on behalf of the [partnership]." Cal. Civ. Proc. Code § 412.30. Without such notice, "no default may be taken against such corporation or unincorporated association or against such person individually." *Id.*

Here, Plaintiffs have filed a Proof of Service showing that a copy of the Summons, along with other documents described in an "Attached List of Documents," were left at Armstrong's dwelling with Armstrong's mother, a person of suitable age who resides there, in compliance with Rule 4(e)(2)(B).[2] *See* Docket No. 10. Further, in identifying the Defendants, the Summons specifically names "Donald Armstrong, Jr., as an individual." *See* Docket 7. Thus, service on Armstrong complies with section 412.30 of the California Code of Civil Procedure because it provided Armstrong with notice indicating that he was being served as an individual. Therefore, service upon Armstrong as an individual was proper.

### 2. J&K Sweeping

Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure provides that service on a partnership may be made in the manner prescribed by Rule 4(e)(1), which authorizes service in any manner permitted by the state where the district court is located. Fed. R. Civ. P. 4. Section 416.40 of the California Code of Civil Procedure provides that a summons may be served upon a partnership by "delivering a copy of the summons and of the complaint . . . to a general partner . . . of the partnership." Cal. Civ. Proc. Code § 416.40(a). Further, section 412.30 requires that the Summons must contain notice that the partner is served on behalf of the partnership. *Id.* § 412.30.

As discussed above, the Proofs of Service show that in addition to serving Armstrong as an individual, Plaintiffs served a second set of papers (also with a copy of the Summons) on Armstrong in his capacity as a general partner of J&K Sweeping, also to the location of his dwelling. *See* Docket No. 9. In addition, Plaintiffs have provided evidence that Armstrong is, in fact, a general partner of J&K Sweeping. *See* Cargain Decl., Ex. A. Further, the Summons names

---

[2] The "Attached List" was not filed with the Proof of Service but was filed after the motion hearing. *See* Supplemental Declaration of Anjuli M. Cargain in Support of Plaintiffs' Motion for Default Judgment ("Cargain Supp. Decl."), Ex. A. The list includes the summons and the complaint.

1  J&K Sweeping as a Defendant in the following manner: "J&K Sweeping, a California general partnership, c/o Donald A. Armstrong, Jr." Docket No. 7. Therefore, service on Armstrong at his dwelling effectuates adequate service as to the partnership under Sections 412.30 and 416.40 of the California Code of Civil Procedure and Rule 4(e)(1) of the Federal Rules of Civil Procedure.

### B. Entry of Default Judgment

Plaintiffs have applied for a default judgment in this action on the basis that Defendants have failed to plead or otherwise defend or appear after valid service. Under Federal Rule of Civil Procedure 55(b)(2), the court may enter a default judgment once the Clerk, under Rule 55(a), has entered the party's default based upon a failure to plead or otherwise defend the action. The Court is free to consider a wide range of factors in deciding whether to enter a default judgment, including: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *see also* Wright & Miller, Federal Practice and Procedure, Civil § 2685. Where a default judgment is entered, defendants "are deemed to have admitted all well-pleaded factual allegations contained in the complaints." *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007) (citing *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986)).

Plaintiffs' claim for money damages associated with Defendants' alleged failure to pay withdrawal liability under ERISA (Claim One) is well-pleaded and appears meritorious as to both Defendants.[3] Under ERISA, "an employer [that] withdraws from a multiemployer plan in a complete withdrawal or a partial withdrawal . . . is liable to the plan in the amount determined under this part to be the withdrawal liability." 29 U.S.C. § 1381(a). A complete withdrawal occurs when an employer "permanently ceases to have an obligation to contribute under the plan, or . . . permanently ceases all covered operations under the plan." 29 U.S.C. § 1383. Plaintiffs

---

[3] As noted above, Plaintiffs have stipulated to the dismissal of Claims Two and Three and therefore, the Court need not address whether those claims are well-pleaded or meritorious.

1  alleged in the Complaint that J&K Sweeping entered into the Plan, which was a multiemployer
2  plan under ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. § 1002(37) and 1301(a)(3). Compl., ¶ 1.
3  They also provided evidence to support this allegation. *See* Trento Decl., Ex. A (Agreement).
4  Plaintiffs further alleged that on or about January 1, 2012, J&K Sweeping "made a complete
5  withdrawal under ERISA § 4203(a), 29 U.S.C. § 1383(a) from participation in the plan." Compl.,
6  ¶ 8. Therefore, Claim One is well-pleaded and meritorious as to J&K Sweeping.

Further, as to Armstrong as an individual, the claim is well-pleaded and meritorious because Plaintiffs have alleged and provided evidence that Armstrong is a general partner of J&K Sweeping, and is thus jointly and severally liable for the withdrawal liability under section 16306(a) of the California Corporations Code. Compl. at 2; Cargain Decl., ¶¶ 3–4, Ex. A. In particular, Section 16306(a) of the California Corporations Code provides:

> (a) Except as otherwise provided in subdivisions (b) and (c), all partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law.

Cal. Corp. Code § 16306(a).[4] Therefore, this *Eitel* factor supports entry of default judgment against both J&K Sweeping and Armstrong.

Other *Eitel* factors also support entry of default judgment. Failure to enter default judgment in favor of Plaintiffs would result in prejudice to Plaintiffs because they would be unable to collect on sums to which they are entitled under the Plan and ERISA. Further, although default judgment is discouraged when the amount of money at stake is substantial, so long as the amount is reasonable, properly documented, and contractually justified, default judgment is warranted. *See Board of Trustees of Cal. Metal Trades v. Pitchometer Propeller*, 1997 WL

---

[4] The Court notes that under Cal. Corp. Code § 16306(b), a partner who is admitted into an existing partnership *after* an obligation is incurred may not be held liable as an individual for that obligation. Here, however, the evidence indicates that although the Agreement was signed by Harr, Armstrong was already a partner of J&K Sweeping at that time. *See* Trento Decl., Ex. A (Agreement, reflecting that Harr signed the Agreement as "owner" of J&K Sweeping on September 13, 2011); Cargain Decl., Ex. A (results of Sacramento County Fictitious Business Name Search showing that Armstrong was a general partner of J&K Sweeping by January 14, 2010). Therefore, this exception does not apply here.

797922, at *2 (N.D. Cal. 1997*).*   As discussed above, Plaintiffs' request for withdrawal liability and related damages is both well-documented and contractually justified, and therefore, this factor also supports entry of default judgment.   Nor is there any evidence that Defendants' failure to answer or appear in this action was the result of excusable neglect.

Accordingly, it is recommended that default judgment be entered against both Defendants.

C. **Remedy**

### 1. Overview of Scheme for Calculating and Collecting Withdrawal Liability

Under ERISA, as amended by MPPAA, when an employer completely or partially withdraws from a multiemployer plan, the employer owes "withdrawal liability" in an amount determined under 29 U.S.C. § 1391. *See* 29 U.S.C. § 1391.  MPPAA requires that the trustees calculate the employer's withdrawal liability, establish an installment schedule, and demand payment. ERISA § 4219, 29 U.S.C. § 1399(b).  The amount of withdrawal liability is based on a plan's unfunded vested benefits allocable to the employer.  *See* ERISA § 4211(b), 29 U.S.C. 1391(b).  The employer must make a series of periodic payments toward that total liability, or can request review of the withdrawal assessment or initiate arbitration.  ERISA § 4219(c), 29 U.S.C. §§ 1399(b)(2), (c), (c)(3), 1401(a)(1).  If no party requests arbitration, the installments become "due and owing" in accordance with the trustees' schedule. 29 U.S.C. § 1401(b)(1).   Interest then accrues from the due date of the first delinquent installment payment.  ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5).

Where an employer has defaulted on its obligation to pay withdrawal liability, a plan fiduciary may bring an action to compel the employer to pay withdrawal liability.  29 U.S.C. § 1451(a).  In an action to compel payment of withdrawal liability, unpaid withdrawal liability is "treated in the same manner as a delinquent contribution." 29 U.S.C. § 1451(b). Thus, enforcement actions for withdrawal liability, like unpaid contributions, are governed by 29 U.S.C. § 1132. Pursuant to 29 U.S.C. § 1132(g), the following damages are available where an employer fails to pay required contributions: 1) unpaid contributions; 2) interest on the unpaid contributions; 3) liquidated damages as provided by the plan, and 4) reasonable attorney's fees and costs.

### 2. Withdrawal Liability

Plaintiffs have presented evidence that upon J&K Sweeping's complete withdrawal from the Plan, they sent Armstrong, as general partner of J&K Sweeping, a notice of J&K Sweeping's withdrawal liability in the amount of $194,402.00. Trento Decl., ¶ 8, Ex. C. Defendants did not request timely review or initiate arbitration to challenge the amount of withdrawal liability. Therefore, this amount should be awarded in full. *See Pension Trust Fund for Operating Eng'rs v. Joco Geospatial Co., Inc.*, C-11-2482 EMC, 2011 WL 6303404 (N.D. Cal. Dec. 16, 2011) (awarding withdrawal liability in amount of $108,254.00 where defendant's request for review of calculation did not comply with ERISA and defendant did not seek arbitration).

### 3. Interest

Plaintiffs seek $19,067.37 in interest, calculated at a rate of 10% per year, on $194,402.00 for the period of August 1, 2013 to July 25, 2014 (358 days). This amount should be awarded in full because it is an accurate calculation and applies both the correct start date of August 1, 2013 and the correct rate of interest. In particular, Section X(B) of the Trust's Withdrawal Liability Procedures, adopted on May 24, 2010, provides that delinquent withdrawal liability will incur interest at the rate of 10% per year from the date of the first withdrawal installment payment that was not paid. *See* Trento Decl., ¶ 9 & Ex. B attached to Ex. C ("Withdrawal Liability Procedures"), Section X(B). Here, the first installment that was not paid came due on August 1, 2013. Trento Decl., Ex. C. Therefore, Plaintiffs' request for interest should be awarded in full. In addition, Plaintiffs are entitled to $1,438.02 in interest for the period between July 25, 2014 and the date of this Order. Thus, the total interest to which Plaintiffs are entitled is $20,505.39

### 4. Liquidated Damages

Plaintiffs request $38,880.40 in liquidated damages, which equals 20% of the unpaid withdrawal liability. This amount is consistent with the Plan's Withdrawal Liability Procedures and ERISA, both of which provide for the award of liquidated damages in the amount of 20% of the entire accelerated withdrawal liability. Trento Decl., ¶¶ 8, 10 & Ex. B attached to Ex. C (Withdrawal Liability Procedures), Section XI(B); 29 U.S.C. § 1132(g)(2)(C)(ii). Therefore, it is recommended that the amount of liquidated damages requested by Plaintiffs be awarded in full.

### 5. Attorneys' Fees

Attorneys' fees incurred in actions brought to enforce an employer's withdrawal liability obligations are available under 29 U.S.C. § 1132(g). Further, fees incurred by the Plan in connection with efforts to enforce these obligations *before* a legal action is initiated are recoverable under the Agreement. *See* Trento Decl., Ex. A (Agreement), Section 7.01.02 (providing that employer is liable for reasonable expenses incurred in the collection of delinquent contributions).

Federal courts have adopted the "lodestar" method for calculating the amount of reasonable attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is the product of the hours counsel reasonably spent on the case and a reasonable hourly rate. *Id.* To determine whether Plaintiffs' claimed hours are reasonable, the Court must review attorneys' time records to determine whether the hours are adequately documented in a manner that can be properly billed directly to clients. *Id.* at 434. The Court must assess whether the hours claimed are vague, block-billed, excessive and/or duplicative, or whether the hours in their entirety must be reduced because of limited success in the action. *See Navarro v. General Nutrition Corp.*, 2005 WL 2333803, at *4 (N.D. Cal. Sept. 22, 2005). Decisions by other courts regarding the reasonableness of the rate sought may provide evidence to support a finding of reasonableness. *See Widrig v. Apfel*, 140 F.3d 1207, 1210 (9th Cir. 1998) (holding that rate set by district court based, in part, on the rate awarded to same attorney in another case, was reasonable).

In Plaintiffs' supplemental declaration, they request $9,633.50 in attorneys' fees incurred for work performed between March 28, 2013 and June 30, 2014 by attorneys Shaamini Babu, Anjuli Cargain, and Julie Richardson. Cargain Supp. Decl., Ex. B. The rate sought for all three attorneys was $205.00 per hour. Cargain Decl., ¶¶ 10-16, Ex. C. Additionally, Plaintiffs seek fees for work performed by paralegals Barbara Savino, Jonathan Sha, and Catherine Jemera. Cargain Supp. Decl., Ex. B. The rate sought for all three paralegals was $120.00 per hour. Cargain Decl., Ex. C.

In determining the reasonableness of rates, the Court may compare the requested rate with the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 1986).

The Court finds that the billing rates requested by Plaintiffs are reasonable based on other decisions by this district finding "roughly similar rates" to be reasonable. *See Pension Trust Fund for Operating Engineers v. Dalecon, In.*, 2014 WL 1007274, at *17 (N.D.Cal., March 12, 2014) (Report and Recommendation, *adopted* April 17, 2014) (recommending rate of $205/hour for Shaamini Babu and Julie Richardson and $120/hour for paralegals Jonathon Sha and Barbara Savino). Further, based on the supplemental materials provided by Plaintiffs, the Court finds that the hours expended are reasonable. Therefore, it is recommended that Plaintiffs be awarded $9,633.50 in attorneys' fees.

### 6. Costs

Plaintiffs request $1,554.41 for the following costs incurred from April 26, 2013 to June 30, 2014 in connection with this action: 1) $400.00 for filing fees; 2) $36.02 for messenger service; 3) $330.00 for service of the complaint; 4) $750.00 for investigative costs, and 4) $38.39 for legal research. Cargain Supp. Decl., Ex. B.

Civil Local Rule 54–3(a)(1) provides that an award of the clerk's filing fee is "allowable if paid by the claimant." The docket reflects that the filing fee was paid, and therefore Plaintiffs' request for the $400 filing fee should be granted. With respect to Plaintiffs' request for costs for messenger service, legal research, and investigation, such costs are available on the basis that they are generally billed as attorneys' fees. *See Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (holding that expenses that are not allowable as costs under 28 U.S.C. § 1920 may be awarded under ERISA as a component of reasonable attorneys' fees where it is "the prevailing practice in a given community" for lawyers to bill those costs separately from their hourly rates); *see also Trs. of the Constr. Indus. & Laborers Health & Welfare Trust,* 460 F.3d at 1256–59 (approving of awards for computerized research, courier services, facsimile charges, and photocopies); *Carpenters Pension Trust Fund for N. Cal. v. Lindquist*, 10-3386 SC, 2011 WL 4543079, *2 (N.D. Cal. Sept. 29, 2011) (awarding delivery costs as part of reasonable attorneys' fees where plaintiffs submitted billing records documenting those costs); *Auto. Indus. Pension Trust Fund v. Lew Williams Inc.*, C-11-02185 EDL, 2011 WL 4853606 (N.D. Cal. Aug. 30, 2011) *report and recommendation adopted,* C 11-

2185 PJH, 2011 WL 4853600 (N.D. Cal. Oct. 13, 2011) (awarding $4,000 in investigative costs where amount of time expended, billing rates, and costs were found reasonable given work performed). Further, the Court finds that the requested costs are reasonable and that they have been adequately documented. Therefore, it is recommended that the costs requested by Plaintiffs be awarded in full.

## IV.     CONCLUSION

For the reasons stated above, it is recommended that the Motion for default judgment be GRANTED. It is recommended that Defendants J&K Sweeping and Armstrong be held jointly and severally liable, and that Plaintiffs be awarded the following amounts: 1) $194,402.00 in unpaid withdrawal liability; 2) $20,505.39 in interest; 3) $38,880.40 in liquidated damages; 4) $9,633.50 in attorneys' fees; and 5) $1,554.41 in costs.

Any objection to this Report and Recommendation shall be filed within fourteen (14) days of the date of this Report and Recommendation.

**IT IS SO ORDERED.**

Dated: August 22, 2014

JOSEPH C. SPERO
United States Magistrate Judge